D.7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOMENICK CELESTE, as Father and Natural

[redacted]

                                            Plaintiff,
        -against-

EAST MEADOW UNION FREE SCHOOL
DISTRICT and ROBERT R. DILLON, Sued in his
Official Capacity as Superintendent of Schools,

                                            Defendants.
-------------------------------------------------------------X

## PLAINTIFF'S REQUESTS FOR JURY INSTRUCTIONS - LIABILITY

on to determine whether that new construction was readily accessible to and usable by the Plaintiff.

Newly constructed street level pedestrian walkways must contain curb ramps or other sloped areas at intersections to streets, roads or highways. A curb ramp or other sloped area must have a slope of at least 1 foot of ramp for each inch of rise, be at least 36 inches wide on the ramped or sloped portion and have no more than a ½ inch change in level along its length from its base to its upper end. Level changes between one quarter inch and one half of an inch must be beveled. If you find that the section of sidewalk outside the gate does not contain a curb ramp or other sloped area then you must find for the Plaintiff on this issue. If you find that the section of sidewalk outside the gate does have a curb ramp or other sloped area then you will find for the Defendant on this issue.

## The Bus Shelter and Platform

If you find that the Defendant constructed a new bus platform and shelter for its Woodland Middle School and you find that the Plaintiff has used this bus platform and shelter as a pedestrian walkway into or out of the Woodland Middle School, then you must go on to determine whether that new construction was readily accessible to and usable by the Plaintiff.

Newly constructed street level pedestrian walkways must contain curb ramps or other sloped areas at intersections to streets, roads or highways. A curb ramp or sloped area must have a slope of at least 1 foot of ramp for each inch of rise, be at least 36 inches wide on the ramped or sloped portion and have no more than a ½ inch change in level along its length from its base to its upper end. Level changes between one quarter inch and one half of an inch must be beveled. If you find that the bus platform and shelter does not contain a curb ramp or other sloped area that coincides to the maximum extent feasible with the route for the general public then you must find for the Plaintiff on this issue.

If you find that the bus platform and shelter does have a curb ramp or other sloped area that coincides to the maximum extent feasible with the route for the general public then you must go on to consider whether the Defendant has administered its busing program in the most integrated setting appropriate to the Plaintiff's needs. If you find that the bus platform and shelter has a curb ramp or other sloped area that coincides to the maximum extent feasible with the route for the general public and that its busing program is administered in the most integrated setting appropriate to the Plaintiff's needs then you must find for the Defendant on this issue.

## The walkway between the gym and the athletic fields

If you find that the walkway between the gym and the athletic fields has been altered after January 26, 1992 and you find that the walkway has been used by the Plaintiff then you must go on to consider whether that walkway is readily accessible to and usable by the Plaintiff.

2

Walkways are readily accessible to and usable by individuals with disabilities if they are stable, firm, slip resistant and do not have level changes that are greater that one half an inch. Level changes between one quarter inch and one half of an inch must be beveled.

If you find that the walkway is not readily accessible to and usable by the Plaintiff then you must find for the Plaintiff on this issue. If you find that the walkway is readily accessible to and usable by the Plaintiff then you must go on to consider whether the walkway must be modified under the standards applicable to existing facilities.

### Gates between gym and athletic fields

If you find that the openings in the fence between the gym and the athletic fields have been altered after January 26, 1992 and you find that the openings have been used by the Plaintiff then you must go on to consider whether the openings are readily accessible to and usable by the Plaintiff.

Openings in a fence are readily accessible to and usable by individuals with disabilities if the width between the unobstructed width of the opening is at least 32 inches wide and the ground surface through the opening is stable, firm, slip resistant and does not have level changes that are greater that one half an inch. Level changes between one quarter inch and one half of an inch must be beveled where applicable.

If you find that the openings in the fence between the gym and athletic fields are not readily accessible to and usable by the Plaintiff then you must find for the Plaintiff on this issue. If you find that the openings are readily accessible to and usable by the Plaintiff then you must go on to consider whether the openings must be modified under the standards applicable to existing facilities.

### Entrance H

If you find that the entrance at Entrance H has been altered after January 26, 1992 and you find that that entrance has been used by the Plaintiff then you must go on to consider whether that entrance is readily accessible to and usable by the Plaintiff.

An entrance into a building is readily accessible to and usable by individuals with disabilities if all of its component parts are readily accessible to and usable by individuals with disabilities. These component parts include the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry doors and the hardware of the entry doors.

The approach walk and platform leading to Entrance H is readily accessible to and usable by the Plaintiff if the ground surface on the approach and platform is stable, firm, slip resistant and does not have level changes that are greater that one half an inch. Level changes between one quarter inch and one half of an inch must be beveled where applicable. Ramped or other sloped areas along the approach walk and platform must have a slope of at least 1 foot of ramp for each inch of rise.

3

If you find that entrance H is not readily accessible to and usable by the Plaintiff then you must find for the Plaintiff on this issue. If you find that entrance H is readily accessible to and usable by the Plaintiff then you must find for the Defendant on this issue.

## **Entrance I**

If you find that the entrance at Entrance I has been altered after January 26, 1992 and you find that that entrance may be used by the Plaintiff in the event of an emergency evacuation or fire drill then you must go on to consider whether that entrance is readily accessible to and usable by the Plaintiff.

An entrance into a building is readily accessible to and usable by individuals with disabilities if all of its component parts are readily accessible to and usable by individuals with disabilities. These component parts include the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry doors and the hardware of the entry doors.

The approach walk and platform leading to Entrance I is readily accessible to and usable by the Plaintiff if the ground surface on the approach and platform is stable, firm, slip resistant and does not have level changes that are greater that one half an inch. Level changes between one quarter inch and one half of an inch must be beveled where applicable. Ramped or other sloped areas along the approach walk and platform must have a slope of at least 1 foot of ramp for each inch of rise.

If you find that entrance I is not readily accessible to and usable by the Plaintiff then you must find for the Plaintiff on this issue. If you find that entrance I is readily accessible to and usable by the Plaintiff then you must find for the Defendant on this issue.

## **Services, Programs or Activities in Existing Facilities:**

With regard to services, programs or activities that occur in existing facilities, the Defendant has a duty under the Americans with Disabilities Act and the Rehabilitation Act to ensure that each service, program, or activity that it operates or provides, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. An existing facility is defined as a facility, or part thereof, that was not newly constructed or altered since January 26, 1992.

The duty to provide services, programs or activities that are readily accessible to and usable by individuals with disabilities may be met through redesign of equipment, reassignment of services to accessible buildings, assignment of aides to beneficiaries, home visits, delivery of services at alternate accessible sites, alteration of existing facilities and construction of new facilities, use of accessible rolling stock or other conveyances, or any other methods that result in making its services, programs or activities readily accessible to and usable by individuals with disabilities. The Defendant is not required to make structural changes in existing facilities where other methods are

4

effective in making a service, program or activity readily accessible to and usable by individuals with disabilities. In choosing among available methods for meeting the requirements of this section, a public entity shall give priority to those methods that offer services, programs, and activities to qualified individuals with disabilities in the most integrated setting appropriate.

### Athletic or physical education programs that occur on the athletic fields

If you determine that the athletic or physical education programs that are operated or provided by the Defendant are provided through the use of an existing facility then you must consider whether the athletic or physical education programs are readily accessible to and usable by the Plaintiff.

If the existing facilities through which the Defendant's athletic or physical education programs are offered are not readily accessible to and usable by the Plaintiff you must consider whether the Defendant has operated or provided the athletic programs in the most integrated setting appropriate through the use of other facilities that are readily accessible to and usable by the Plaintiff, or whether the Defendant has provided, or offered to provide the Plaintiff with redesigned equipment, assignment of aides, delivery of services at alternate accessible sites, use of accessible rolling stock or other conveyances, or any other methods that result in making the athletic or physical education programs readily accessible to and usable by the Plaintiff.

If you determine that the Defendant has not provided athletic or physical education services through the use of facilities that are readily accessible to and usable by the Plaintiff and has not provided those programs in the most integrated setting appropriate through the use of other facilities that are readily accessible to and usable by the Plaintiff, or whether the Defendant has provided, or offered to provide the Plaintiff with redesigned equipment, assignment of aides, delivery of services at alternate accessible sites, use of accessible rolling stock or other conveyances, or any other method that results in making

### **Entrance H**

If you determine that entrance H is an existing facility then you must consider whether entrance H is readily accessible to and usable by the Plaintiff.

If entrance H is not readily accessible to and usable by the Plaintiff then you must consider whether the building entry, chorus, orchestra, and other after school programs offered through use of entrance H have been provided in the most integrated setting appropriate through the use of other facilities that are readily accessible to and usable by the Plaintiff, or whether the Defendant has provided, or offered to provide the Plaintiff with redesigned equipment, assignment of aides, delivery of services at alternate accessible sites, use of accessible rolling stock or other conveyances, or any other methods that result in making those programs readily accessible to and usable by the Plaintiff.

If you determine that entrance H is not readily accessible to and usable by the Plaintiff and that the building entry, chorus, orchestra or other after school programs and has not provided those programs in the most integrated setting appropriate through the use of other facilities that are readily accessible to and usable by the Plaintiff, or whether the Defendant has provided, or offered to provide the Plaintiff with redesigned equipment, assignment of aides, delivery of services at alternate accessible sites, use of accessible rolling stock or other conveyances, or any other methods that result in making those programs readily accessible to and usable by the Plaintiff, then you must find for the Plaintiff.

If you determine that entrance H is not readily accessible to and usable by the Plaintiff but the Defendant has provided the building entry, chorus, orchestra and other after school programs in the most integrated setting appropriate through the use of other facilities that are readily accessible to and usable by the Plaintiff, or whether the Defendant has provided, or offered to provide the Plaintiff with redesigned equipment, assignment of aides, delivery of services at alternate accessible sites, use of accessible rolling stock or other conveyances, or any other methods that result in making those programs readily accessible to and usable by the Plaintiff, then you must find for the Defendant.

Dated:      Woodbury, New York
              May 12, 2008

 

_____
Martin J. Coleman, Esq.
Law Office of Martin J. Coleman, P.C.
Attorney for Plaintiff
100 Crossways Park Drive West, Suite 412
Woodbury, New York 11797
(516) 802-5960; (516) 802-5961 (f)