UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOMENICK CELESTE, as Father and Natural
Guardian of DOMENICK CELESTE, Jr., a
minor under the age of 14 years,

                                                  MEMORANDUM AND ORDER

              Plaintiff,                            CV 06-3426

         -against-                             (Wexler, J.)

EAST MEADOW UNION FREE SCHOOL
DISTRICT and ROBERT DILLON, in his
individual capacity as Superintendent of
Schools,

              Defendants.
-----------------------------------------------------------X
APPEARANCES:

        LAW OFFICE OF MARTIN J. COLEMAN, P.C.
        BY: MARTIN J. COLEMAN, ESQ.
        Attorney for Plaintiff
        100 Crossways Park Drive West, Suite 412
        Woodbury, New York 11797

        RUTHERFORD & CHRISTIE, LLP.
        BY: LEWIS R. SILVERMAN, ESQ.
        Attorneys for Defendants
        369 Lexington Avenue 8th Floor
        New York, New York 10017

WEXLER, District Judge

      In this action brought pursuant to the Americans With Disabilities Act, the jury found in favor of the Plaintiff and awarded Plaintiff damages in the amount of $115,000. Presently before the court are Defendants' motions pursuant to Rules 50(b) and 59(e) of the Federal Rules of Civil Procedure.

## DISCUSSION

I. <u>Standards for Rule 50 and Rule 59 Motions</u>

Rule 50(b) of the Federal Rules of Civil Procedure, a renewed motion for judgment as a matter of law, allows a court to set aside a jury's finding if the court finds that "a reasonable jury would not have a legally sufficient evidentiary basis" to find as it did. Fed. R. Civ. P. 50(a).

The standard governing Rule 50 motions is well established. Such motions may not be granted unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find as it did. <u>See, e.g</u>, <u>Sir Speedy, Inc. v. L & P Graphics, Inc.</u>, 957 F.2d 1033, 1039 (2d Cir.1992); <u>Vasbinder v. Ambach</u>, 926 F.2d 1333, 1339 (2d Cir.1991). In deciding a Rule 50 motion, the court must give deference to all credibility determinations and reasonable inferences of the jury. <u>Vasbinder</u>, 926 F.2d at 1340. Judgment as a matter of law should not be granted unless: "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]. <u>Cruz v. Local Union No. 3</u>, 34 F.3d 1148, 1154 (2d Cir. 1994) (quoting <u>Bauer v. Raymark Industries, Inc.</u>, 849 F.2d 790, 792 (2d Cir.1988) (internal quotation marks omitted). A district court must deny a motion for judgment as a matter of law unless, viewed in the light most favorable to the nonmoving party, "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." <u>Nadel v. Isaksson</u>, 321 F.3d 266, 271-72 (2d Cir. 2003)(<u>quoting</u> <u>Simblest v. Maynard</u>, 427 F.2d 1, 4 (2d Cir.1970)); <u>see also</u> <u>Galdieri-Ambrosin v. Nat'l. Realty and Dev. Corp.</u>, 136 F.3d 276, 289 (2d Cir. 1998); <u>Weingarten v.</u>

Optima Communications Systs., Inc., 2008 WL 586280 *3 (S.D.N.Y. 2008).

Rule 59(e) provides for a motion to alter or amend a judgment. Such motions are "not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite of the apple.'" Sequa Corp. v. GBJ, Corp., 156 F.3d 136, 144 (2d Cir. 1998).

B. Disposition of Motions

Defendants seek to set aside the jury verdict as against the weight of the evidence. Further, Defendants argue that the jury's damage award of $115,000 is excessive and must be set aside as a matter of law.

As the foregoing standards make clear, the burden on a party seeking to set aside a jury verdict and/or alter the judgment of a jury is extremely high. Upon review of the trial, and the submissions of the parties, the court holds that defendants are not entitled to the relief sought. There was ample testimony presented to the jury. It was for the jury, and not the court, to weigh the evidence admitted, and that is exactly what occurred. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Accordingly, the motions pursuant to Rule 50 and Rule 59 are denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 5, 2008